November 5, 1906.

———o———

No. 3974

(Court of Appeal, Parish of Orleans.)

MRS. FRANCES E. GASQUET vs. JAMES J. CONWAY ET ALS.

The owner of a lot of ground divided same into two lots, building a house on each.

On the upper lot the side of the house together with a fence running thence to the rear of the lot, and another fence running to the front of the lot, marked the boundary of the two properties.

From the lower corner of the lower lot to the fence post marking the front dividing line, there was a distance of thirty-five feet. The common owner sold the lower lot to A describing the property as having a frontage of thirty-three feet. Subsequently he sold the upper lot to B describing it as having a frontage of thirty-four feet beginning at 35 feet from the lower corner of the lower lot. This sale was made according to a sketch which was made a part of the act of sale and it clearly indicated that there was an intervening space of two feet, more or less, between the property sold to B. and the description as contained in the Act of Sale to A, and that this intervening space was not conveyed by the sale to B. Subsequently this strip of two feet which apparently belonged to and constituted a part of the lower lot, was sold by the common owner to A. B's lot, it was subsequently discovered, contained but 32 feet front, and he claimed that he was therefore entitled to these two feet in order to make up his shortage.

45

Held that A's title was perfect and that B could not make up his shortage on a line of beginning in which he is in possession. B's shortage was at the other end.

Appeal from Civil District Court, Division B.

J. C. Gilmore, for plaintiff and appellant.

O. B. & S. Sansum, for Mrs. Cornelia D. Sansum, appellee.

McEnery & Boatner, for Mrs. J. C. Conway.

Geo. S. Dodds, for Mrs. A. L. Dodds, appellee.

MOORE, J. This cause was transferred to us by the Supreme Court to which Court the appeal had been taken originally. The pleadings are fully stated in the opinion transferring the cause and, therefore, need not be repeated here.

Gasquet vs. Conway 116 La. decided Feb'y. 26th, 1896, and not yet reported. The matter in dispute as stated by that Court and shown by the record, involves the ownership of a strip of land intervening the properties of the respective parties to this cause.

It appears that on the 10th June, 1885, Mrs. Louisa Genella acquired from Burges Bennett a piece of ground situated in the City of New Orleans at the corner of Upperline street and St. Charles Avenue, having a frontage on St. Charles Avenue of sixty-nine feet four inches. Subsequently the purchaser divided the property into two lots, building a dwelling on each, fronting St. Charles Avenue. Beginning in the rear the two lots were separated by a board fence which ran up to the rear corner of the house built furthest from the corner of Upperline street, and a panel fence from the front corner of the house to the front line on St Charles Avenue. Thus the back fence, the house and the front fence all together formed the line of separation to the two properties, a paved side walk running on the lower line from building to building. This condition has existed for more than ten years and exists to this day. The following sketch offered in evidence shows the exact conditions and locations of building, fences and pavement.

CARONDELET STREET

ROBERT STREET

UPPER LINE STREET

ST. CHARLES AVENUE

D. PLAINTIFF'S LOT
C. DEFENDANTS LOT

From the corner of Upperline street to the fence post marking the front separation of the two lots and indicated by the letter A in the sketch, there is thirty-five feet. On the 14th January, 1890, the defendant acquired from Mrs. Genella the corner lot which was described as having a frontage on St. Charles Avenue of thirty-three feet, being indicated by the letter C on the sketch. On May the 18th, 1893, the plaintiff purchased the upper lot, indicated by the letter D on the sketch. This property is described as having "a frontage on St. Charles Avenue of thirty-four feet *beginning at a distance of thirty five feet from Upperline street* x x x" all according to a sketch which is referred to and made a part of the Act of Sale and which clearly indicates this strip as lying between the two lots, from the upperline of which lot D's lowerline commences. The sketch referred to is the one herein reproduced.

It will be thus perceived that as the defendant acquired only 33 feet front from Upperline street, and the defendant's line begins only at 35 feet from Upperline street there is an intervening space of two feet between the two properties, so far as the titles read. that was not sold by Mrs. Genella to either party. This space is indicated by the letter X on the sketch. This space, as indicated by the physical conditions and as both the vendor and vendee regarded it, formed and constituted a part and portion of the lot "C" and apparently passed with the sale to the defendant of that lot No claim of ownership to these two feet was ever asserted by any one after Conway's purchase of lot C, except by Conway himself who was always in possession thereof as owner, and even the plaintiff recognized his title thereto by at once removing a stove pipe which projected through the side of her house a foot or so over this strip upon complaint of the defendant that it extended on his property.

Subsequently, however, the plaintiff discovered by a survey which she had made some time in the early part of 1904 that instead of having a frontage of 34 feet on St. Charles Avenue, her lot measured, beginning at 35 feet from Upperline street, only about 33 feet, and she conceived the idea, therefore, that this intervening space between where her line begins on the lower line, and where the defendant's line, according to his deed, ends on the upper line, necessarily belonged to her.

48

In order to put at rest any question as to his right to these two feet even as against his vendor Mrs. Genella, the defendant on the 23rd March, 1904, acquired this strip from the Genella heirs (Mrs. Genella having died in the meanwhile) and place the same of record.

Subsequently this suit was brought by the plaintiff claiming title to same. Under this showing of facts we are at a loss to understand what right the plaintiff can assert to these two feet of land. That her lot may be two or more feet short in frontage is undoubtedly true but that shortage is on her upper line and not, as she claims, on the lower line or front of commencement. This latter is fixed absolutely and definitely "beginning at a distance of thirty-five feet from Upperline street." She is entitled to 34 feet *from* that point and whatever rights she may have against her upper neighbor, if that neighbor should have acquired from a common owner. or what her rights against her vendor may be for dimunition of the price, or otherwise, it is clear that she cannot encroach on the land of her lower neighbor who has been in possession of the strip for more than ten years and whose title thereto is doubly secured *first* because, as the division of the lot was made by a common owner and marked by fences, buildings, etc., it is considered as a destination du pere de famille and therefore passed from the vendor to the vendee as being within the contemplation of the parties under the description given; and second—because the defendant in any event subsequently acquired that strip by formal deed from the Genella heirs. As stated by us the plaintiff's line begins at 35 feet from Upperline street. There is no question but that she is in possession of the property acquired by her from that starting point. She bought under and in accordance with the sketch annexed. That sketch distinctly marked the two feet strip and clearly indicated that it was excluded from her purchase. The property itself had physical signs distinctly marking the boundary —the house and the fences and the paved walk all of which existed from the beginning of the separation of the lots, gave evidences that there marked the boundary between the properties.

The judgment appealed from which was in favor of defendant is therefore affirmed.

November 5, 1906.

Rehearing refused December 3, 1906.

Writ refused by Supreme Court January 11, 1907.